▮ Joy Builders, Inc., Appellant, v Town of Clarkstown, Respondent. [5 NYS3d 882]—

In an action, inter alia, to recover damages for inverse condemnation, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated March 11, 2013, which denied its motion for summary judgment on the first cause of action.

Ordered that the order is affirmed, with costs.

"In a modern inverse condemnation action, an owner whose property has been taken de facto may sue the entity that took it to obtain just compensation, and if the action is successful the defendant has no choice in the matter—the compensation must be paid" (*Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 786 [2012]).

"[W]aiver is the voluntary and intentional relinquishment of a known right, which is not created by negligence, oversight, or silence" (*Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y.*, 89 AD3d 819, 825 [2011]; *see City of New York v State of New York*, 40 NY2d 659, 669 [1976]). Here, the Supreme Court incorrectly determined that a triable issue of fact exists with respect to the defense of waiver. The plaintiff established, prima facie, that in the event a taking of its property had occurred, it did not waive its right to compensation. In opposition, the defendant failed to raise a triable issue of fact.

Notwithstanding the inapplicability of the defendant's affirmative defense of waiver, the Supreme Court properly denied the plaintiff's motion for summary judgment on the first cause of action, which was to recover damages for inverse condemnation. While the plaintiff's claim is premised on the theory that the defendant's acts stripped the relevant property of all economically viable uses (*see Matter of Smith v Town of Mendon*, 4 NY3d 1, 13-14 [2004]), a triable issue of fact exists as to whether any economically viable use remains.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.